

MICHAEL L. TRACY, ESQ., SBN 237779
MTRACY@MICHAELTRACYLAW.COM
COURTNEY D. BREWER, ESQ., SBN 272110
CBREWER@MICHAELTRACYLAW.COM
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff JONATHAN SULTAN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

JONATHAN SULTAN, an individual, on behalf of himself and all others similarly situated,

    Plaintiff

vs.

MEDTRONIC, INC., A MINNESOTA CORPORATION,

    Defendant

Case No. CV11 04132 JHN PLAx

**CLASS ACTION COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, MEAL BREAKS, OVERTIME UNDER THE FLSA, AND UNFAIR BUSINESS PRACTICES**

**DEMAND FOR JURY TRIAL**

Plaintiff, JONATHAN SULTAN, alleges:

## JURISDICTION

1.    This Court has jurisdiction over this matter because this complaint alleges a federal question in that violations of 29 U.S.C. § 201 *et seq.* are alleged.

2.    This court has supplemental jurisdiction of all the State law claims under 28 U.S.C. § 1367(a). The State law claims are all related to the same facts – namely whether Plaintiff performed work and was not paid overtime wages and whether that failure to pay was willful. As such, all the claims make up the same

1  case or controversy under Article III of the United States Constitution.

2      3.    This Court has jurisdiction over this case under the Class Action

3  Fairness Act of 2005. As alleged below, SULTAN is a citizen of California and

4  Defendant is not a citizen of California. There are more than 100 class members, and

5  the amount in controversy is in excess of $5,000,000.

6

7                        **GENERAL ALLEGATIONS**

8      4.    This Court is the proper court and this action is properly filed in the

9  County of Los Angeles and in this judicial district because Defendants do business in

10  the County of Los Angeles, and because Defendants' obligations and liabilities arise

11  therein, and because the work that was performed by Plaintiff in the County of Los

12  Angeles is the subject of this action.

13      5.    Plaintiff is informed and believes that Defendants, each and all of them,

14  at all times material hereto, were the joint employers, parent companies, successor

15  companies, predecessors in interest, affiliates, agents, employees, servants, joint

16  venturers, directors, fiduciaries, representatives, and/or coconspirators of each of the

17  remaining Defendants. The Defendants, unless otherwise alleged, at all times

18  material hereto, performed all acts and omissions alleged herein within the course

19  and scope of said relationship, and are a proximate cause of Plaintiff's damages as

20  herein alleged.

21                            **PARTIES**

22      6.    Plaintiff JONATHAN SULTAN ("SULTAN") was jointly employed by

23  Defendants from December 22, 2008 through the present. SULTAN is a citizen of

24  California.

25      **7.**    Defendant MEDTRONIC INC. ("MEDTRONIC") is a Minnesota

26  Corporation doing business in the County of Los Angeles, State of California.

27  MEDTRONIC is not a citizen of California.

28                **CLASS ACTION ALLEGATIONS**

8.     Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Rules 23(a), (b)(1), (b)(2) and (b)(3).  Plaintiff seeks to represent a class of all Sales Associates who are currently employed or have been employed by defendants within the State of California who: (1) at any time four (4) years prior to the filing of this lawsuit did not have their overtime regular rate of pay calculated to include all remuneration, and (2) at any time three (3) years prior to the filing of this lawsuit were not given the premium wages mandated for missing meal breaks.

9.     Until April of 2011 MEDTRONIC maintained a company-wide policy of not paying employees for missed breaks.

10.     Plaintiff and class members routinely worked in excess of five hours per day and were not provided meal breaks by the company.

11.     Plaintiff and class members desired their full thirty-minute meal breaks and were denied the ability to take them by the company.

12.     Plaintiff and class members had never been paid premium wages for missed meal breaks during employment until April 2011.

13.     Plaintiff and class members were not paid their overtime compensation in accordance with their regular rate of pay.

14.     Company did not include all proper remuneration when calculating employee's regular rate of pay.

15.     Specifically Company did not include missed meal break premiums when calculating an employee's regular rate of pay. That is, any premium payments made for missed meals must be included as compensation is calculating the regular rate of pay on which overtime is paid.

16.     MEDTRONICS keeps time and payroll records which show when employees missed their meal breaks.  MEDTRONICS also keeps payroll records that show when premium wages were paid for missed meals.

17.     The Class Members of the following classes can be easily be determined

1    by looking at existing MEDTRONICS time and payroll records.

2      18.    Plaintiff proposes the following Class which will be referred to as the
3    "Missed Breaks Class:"

4        All Sales Associates employed by MEDTRONICS within
5        California at any time between four years from the commencement
6        of this action up until the time that MEDTRONICS started paying
7        employees premium wages for missed breaks (approximately April
8        2011).

9      19.    Plaintiff proposes the following Class which will be referred to as the
10    "Regular Rate of Pay Class:"

11        All Sales Associates employed by MEDTRONICS within
12        California who received premium payments for missed meals and
13        who worked some overtime during the same week for which the
14        premium payment was received.

15      20.    This action has been brought and may properly be maintained as a class
16 action under Rule 23 because there is a well-defined community of interest in the
17 litigation and the proposed class is easily ascertainable.

18      21.    A Class Action is a superior method for bringing this action in that there
19 is a well defined community of interest in the questions of law and fact. Questions of
20 law and fact common to the class action include, but are not limited to:

21        a.   Whether EMPLOYER failed to pay proper premium wages for
22          EMPLOYEES missed meal breaks.
23        b.   Whether the premium payment for missed breaks needs to be
24          included in the regular rate of pay under California law.
25        c.   Whether the premium payment for missed breaks needs to be
26          included in the regular rate of pay under the FLSA.

27      22.    Plaintiff and the Class Action Plaintiffs are similarly situated, have
28 substantially similar job duties, have substantially similar pay provisions, and are all

1  subject to Defendants' illegal labor violations.

2      23.    The claims of the Plaintiff are typical of those of the class, and Plaintiff
3  will fairly and adequately represent the interests of the class.

4      24.    The persons of this class are so numerous that the joinder of all such
5  persons is impracticable and that disposition of their claims in a class action rather
6  than in individual actions will benefit the parties and the Court.  While the precise
7  number of proposed class members has not yet been determined, Plaintiff is informed
8  and believes that Defendants currently employ, and during the relevant time periods
9  employed, over 300 putative class members.

10      25.    The prosecution of separate actions by individual members of the Class
11  would create the risk of inconsistent and varying adjudications, establishing
12  incompatible standards of conduct for Defendants.

13      26.    The questions of law and fact common to the members of the Class
14  predominate over any questions affecting only individual member, including legal
15  and factual issues relating to liability and damages.

16      27.    Class action treatment will allow those similarly situated person to
17  litigate their claims in the manner that is most efficient and economical for the
18  parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely
19  to be encountered in the management of this action that would preclude its
20  maintenance as a class action.

21      28.    In the event that the Court determines at the notice stage or anytime
22  thereafter that all plaintiffs and members of the class action, are not "similarly
23  situated," the definition may be modified or narrowed, and/or appropriate subclasses
24  may be established based on business unit or otherwise.

25      **COLLECTIVE ACTION ALLEGATIONS**

26      29.    Plaintiffs bring the Third Cause of Action for violation of the Fair Labor
27  Standards Act (hereinafter "FLSA") as a collective action pursuant to Section 16(b)
28  of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who are potential members

1   of the Regular Rate of Pay Class ("Collective Action Plaintiffs").

2       30.    The Third Cause of Action for violations of the FLSA is being brought
3   and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all
4   violations of the FLSA.

5       31.    A Collective Action is a superior method for bringing this action in that
6   there is a well defined community of interest in the questions of law and fact.
7   Questions of law and fact common to the collective action include, but are not
8   limited to:

9                a.   Whether MEDTRONIC failed and continues to fail to pay overtime
10                    compensation at EMPLOYEES proper regular rate of pay in
11                    violation of the FLSA, 29 U.S.C. § 201, *et seq.*

12      32.    Plaintiff and the Collective Action Plaintiffs are similarly situated, have
13   substantially similar job duties, have substantially similar pay provisions, and are all
14   subject to Defendants' refusal to pay proper overtime in violation of the FLSA.  The
15   claims of the Plaintiff are typical of those of the class and plaintiff will fairly and
16   adequately represent the interests of the class.

17      33.    The persons of this class are so numerous that the joinder of all such
18   persons is impracticable and that disposition of their claims in a class action rather
19   than in individual actions will benefit the parties and the court.  In addition, each
20   class member must give his or her permission to be represented in this action under
21   the "opt-in" provisions of 29 U.S.C. § 216(b).

22      34.    In the event that the Court determines at the notice stage or anytime
23   thereafter that all Plaintiffs and members of the collective action, as defined above,
24   are not "similarly situated," the definition may be modified or narrowed, and/or
25   appropriate subclasses may be established based on business unit or otherwise.

26

27

28

COMPLAINT FOR LABOR VIOLATIONS

# FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE

### (AGAINST MEDTRONIC)

35.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 34.

36.     This cause of action is brought against MEDTRONIC.

37.     This cause if brought on behalf of the Regular Rate of Pay Class.

38.     Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, § 11040, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) hours on the seventh consecutive work day in a week.

39.     Plaintiff SULTAN worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

40.     Plaintiff SULTAN was entitled to the above overtime premiums.

41.     Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

42.     Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

43.     Defendants did not pay Plaintiff premium wages of at least two times Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

44.     Plaintiff SULTAN worked at least one pay period in which he was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

45. Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

46. As a proximate result of Defendants' violations, Plaintiff SULTAN has been damaged in an amount in excess of $1,000 and subject to proof at time of trial.

47. A typical employee might work 60 hours a week and miss breaks on five different days. MEDTRONICS would pay this employee (assuming $17/hr) $680 in regular time wages ($17/hr x 40 hours) , $510 in overtime wages ($17/hr x 1.5 x 20 hours) and $85 in meal break premiums (5 x $17). However, the proper regular rate of pay would be $18.42/hr. This requires that overtime be paid at $27.63 per hour rather than $25.50. As such, this hypothetical employee would be due an additional $42.50 for this hypothetical week.

48. Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of Regulations, Title 8, § 11040, Plaintiff SULTAN is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE SECTION 512
### (AGAINST MEDTRONIC)

49. Plaintiff refers to and incorporates by reference Paragraphs 1 through 48.

50. This cause of action is brought against MEDTRONIC.

51. This cause of action is brought on behalf of the Missed Breaks Class.

52. Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, § 11040, for the period of Plaintiff's employment, Defendants were required to provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

COMPLAINT FOR LABOR VIOLATIONS

1     53.     Defendants failed to provide Plaintiff a meal period for numerous days

2 worked.

3     54.     Defendants know or should know the dates for each missed meal period

4 as well as the damages due.

5     55.     Defendants failed to provide Plaintiff at least one meal period within the

6 three (3) years prior to filing this lawsuit.

7     56.     There are at least 300 employees working at any one time that did not

8 receive their proper premium pay.  A typical employee makes $17/hr.  Missing five

9 (5) meal breaks a week would amount to $5,508,000 in total damages.

10     57.     Pursuant to Labor Code § 512 and California Code of Regulations, Title

11 8, § 11040, Plaintiff SULTAN is entitled to recover one (1) hour of pay at the regular

12 rate of compensation for each workday that the meal period was not provided.

13     58.     Plaintiff SULTAN prays for damages for missed meals in excess of

14 $17,680, and subject to proof at time of trial.

15 **THIRD CAUSE OF ACTION**

16 **OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207**

17 **and § 216 (AGAINST ALL DEFENDANTS)**

18     59.     Plaintiff refers to and incorporates by reference Paragraphs 1 through

19 58.

20     60.     This cause of action is against all Defendants, jointly and individually.

21     61.     This cause of action is brought on behalf of the Collective Action

22 Plaintiffs.

23     62.     Plaintiff is informed and believes and hereon alleges that Defendants are

24 subject to the provisions of the Fair Labor Standards Act.  Under 29 U.S.C. § 207(a)

25 and § 216(b),  Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½)

26 times the regular rate of  pay for hours worked in excess of forty (40) hours in a

27 week and an equal additional amount as liquidated damages, as well as costs and

28 attorney's fees.

COMPLAINT FOR LABOR VIOLATIONS

1    63.    Plaintiff worked numerous weeks in excess of forty (40) hours.

2    64.    Plaintiff was entitled to the above overtime premiums.

3    65.    Defendants failed to compensate Plaintiff for any overtime premiums.

4    66.    This court has jurisdiction over this cause of action because the federal

5    statute specifically grants the employee the right to bring the action in "any Federal

6    or State court of competent jurisdiction." 29 U.S.C. § 216(b).

7    67.    Plaintiff worked at least one week in which overtime premiums were

8    not paid by Defendants under the Fair Labor Standards Act within the two (2) years

9    prior to initiating this lawsuit.

10   68.    Plaintiff's individual employment is covered by the terms of the Fair

11   Labor Standards Act.

12   69.    Plaintiff used equipment on the job that had previously been transported

13   in interstate commerce.

14   70.    Defendant MEDTRONIC was the employer of Plaintiff, as the term

15   "employer" is defined in the Fair Labor Standards Act.

16   71.    Defendant MEDTRONIC was an enterprise covered by the provisions

17   of the Fair Labor Standards Act for the entire time of Plaintiff's employment.

18   72.    Defendant MEDTRONIC conducted business with a total gross sales

19   volume in excess of $500,000 for each and every twelve (12) month period in which

20   Plaintiff was employed.

21   73.    Defendant MEDTRONIC employed at least two (2) employees during

22   each and every 12 month period in which Plaintiff was employed. These employees

23   were engaged in commerce and regularly used equipment that had been transported

24   in interstate commerce.

25   74.    Defendant MEDTRONIC was the employer of Plaintiff, as the term

26   "employer" is defined in the Fair Labor Standards Act.

27   75.    Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

28   76.    Plaintiff prays for judgment for overtime pay of $1,000.  This amount is

1  subsumed by the overtime pay claimed in the First Cause of Action.

2       77.    Plaintiff prays for judgment for liquidated damages in the amount of

3  $1,000.  This amount is supplemental to the relief requested in all other causes of

4  action.

5       78.    Plaintiff prays for costs and attorney's fees.

6  **FOURTH CAUSE OF ACTION**

7  **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS**

8  **CODE SECTION 17200**

9  **(AGAINST MEDTRONIC)**

10       79.    Plaintiff refers to and incorporates by reference Paragraphs 1 through

11  78.

12       80.    This cause of action is brought against MEDTRONIC.

13       81.    This cause if brought on behalf of the Missed Break Class and the

14  Regular Rate of Pay Class.

15       82.    By failing to pay overtime premiums under California and/or the FLSA,

16  Defendants' acts constitute unfair and unlawful business practices under Business

17  and Professions Code § 17200, *et seq.*

18       83.    By failing to provide adequate meal and rest breaks, Defendants' acts

19  constitute unfair and unlawful business practices under Business and Professions

20  Code § 17200, *et seq.*

21       84.    Plaintiff SULTAN prays for restitution under this Cause of Action in an

22  amount subject to proof at time of trial.

23  

24  **WHEREFORE**, Plaintiff prays for the following relief:

25       1. Damages for overtime not paid to Plaintiff SULTAN in an amount in

26  excess of $1,000 and subject to proof at trial.

27       2. For liquidated damages in the amount in excess of $1,000 and subject to

28  proof at trial.

 3.  For restitution to Class Members in an amount in excess of $5,508,000.

 4.  Damages for meal premiums not paid to Plaintiff SULTAN in excess of $17,680, and subject to proof at trial.

 5.  For restitution and disgorgement for all unfair business practices against Plaintiff SULTAN in an amount subject to proof at trial.

 6.  For prejudgment and post judgment interest.

 7.  Cost of suit.

 8.  Attorneys' fees.

 9.  For such other and further relief as the court may deem proper.

DATED:  May 11, 2011          LAW OFFICES OF MICHAEL TRACY

                    By: _____
                        MICHAEL   TRACY,   Attorney   for   Plaintiff
                        JONATHAN SULTAN

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

DATED:  May 11, 2011          LAW OFFICES OF MICHAEL TRACY

                    By: _____
                        MICHAEL   TRACY,   Attorney   for   Plaintiff
                        JONATHAN SULTAN

-12-
COMPLAINT FOR LABOR VIOLATIONS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV11- 4132 JHN (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs)*

Subsequent documents must be filed at the following location

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you

COPY

Michael L. Tracy, Esq.    SBN237779
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
949-260-9171
mtracy@michaeltracylaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SULTAN, an individual, on behalf of himself and all others similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>MEDTRONIC, INC., A MINNESOTA CORPORATION,<br><br><br>DEFENDANT(S). | **CASE NUMBER**<br><br>CV11  04132  JHN PLAx<br><br><br><br>**SUMMONS** |

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Michael Tracy_____, whose address is _2030 Main Street, Suite 1300, Irvine, CA 92614_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____MAY 1 3 2011_____

By: _____CHRISTOPHER POWERS_____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States  Allowed 60 days by Rule 12(a)(3)]*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>JONATHAN SULTAN, an individual, on behalf of himself and all others<br>similarly situated | **DEFENDANTS**<br>MEDTRONIC, INC , A MINNESOTA CORPORATION |
| **(b)** Attorneys (Firm Name, Address and Telephone Number If you are representing<br>yourself, provide same )<br>Michael Tracy SBN 237779<br>Law Office of Michael Tracy<br>2030 Main Street, Ste 1300, Irvine, CA 92614     (949)260-9171 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only )

☐ 1 U S Government Plaintiff   ☑ 3 Federal Question (U S Government Not a Party)
☐ 2 U S Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant )

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only )

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT   JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint )
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** 5,527,680 00

**VI. CAUSE OF ACTION** (Cite the U S Civil Statute under which you are filing and write a brief statement of cause  Do not cite jurisdictional statutes unless diversity )
29 U S C  section 201 et seq     Failure to Pay Overtime

**VII. NATURE OF SUIT** (Place an X in one box only )

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl Ret Inc Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R R & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | IMMIGRATION | | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U S Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**  Case Number   CV11 04132

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s) _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s) _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A  Arise from the same or closely related transactions, happenings, or events, or
☐ B  Call for determination of the same or substantially related or similar questions of law and fact, or
☐ C  For other reasons would entail substantial duplication of labor if heard by different judges, or
☐ D  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary )

(a) List the County in this District, California County outside of this District, State if other than California, or Foreign Country, in which EACH named plaintiff resides
☐   Check here if the government, its agencies or employees is a named plaintiff  If this box is checked, go to item (b)

| County in this District * | California County outside of this District, State, if other than California, or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District, California County outside of this District, State if other than California, or Foreign Country, in which EACH named defendant resides
☐   Check here if the government, its agencies or employees is a named defendant  If this box is checked, go to item (c)

| County in this District * | California County outside of this District, State, if other than California, or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District, California County outside of this District, State if other than California, or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District * | California County outside of this District, State, if other than California, or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note  In land condemnation cases, use the location of the tract of land involved

X  SIGNATURE OF ATTORNEY (OR PRO PER)_____  Date 5/12/2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet  (For more detailed instructions, see separate instructions sheet )

Key to Statistical codes relating to Social Security Cases

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended  Also, include claims by hospitals, skilled nursing facilities, etc , for certification as providers of services under the program  (42 U S C  1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U S C  923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended, plus all claims filed for child's insurance benefits based on disability   (42 U S C  405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended  (42 U S C  405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended  (42 U S C  (g)) |