UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

NOV 13 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JONATHAN SULTAN, an individual, on behalf of himself and all others similarly situated,<br><br>   Plaintiff - Appellant,<br><br>v.<br><br>MEDTRONIC, INC., a Minnesota Corporation,<br><br>   Defendant - Appellee. | No. 12-57072<br><br>D.C. No. 2:11-cv-04132-MWF-PLA<br>U.S. District Court for Central California, Los Angeles<br><br>**MANDATE** |



RECEIVED
CLERK, U.S. DISTRICT COURT

11/13/2014

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CR_____ DEPUTY

The judgment of this Court, entered October 20, 2014, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

Costs are taxed against the appellant in the amount of $47.20.

            FOR THE COURT:
            Molly C. Dwyer
            Clerk of Court

            Rebecca Lopez
            Deputy Clerk

FILED

OCT 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONATHAN SULTAN, an individual, on behalf of himself and all others similarly situated,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>MEDTRONIC, INC., a Minnesota Corporation,<br><br>        Defendant - Appellee. | No. 12-57072<br><br>D.C. No. 2:11-cv-04132-MWF-PLA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted October 6, 2014
Pasadena, California

Before: PREGERSON, TALLMAN, and BEA, Circuit Judges.

    Jonathan Sultan filed a labor law class action suit in which he is the sole proposed representative on behalf of a putative class against Medtronic, Inc., his former employer. The district court denied class certification and dismissed some

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

of Sultan's overtime claims.  Shortly thereafter, Sultan entered into a Fed. R. Civ. P. Rule 68 Judgment with Medtronic—effectively settling the case.  Although Sultan now says he intended this settlement agreement to cover only his remaining individual claims, the Order of Judgment, to which Sultan agreed, reads: "[T]he total amount paid by defendant is paid on account of any liability claimed in this action, including all costs of suit, interest, and attorney's fees otherwise recoverable in this action by plaintiff . . . ."

If a putative class representative wishes to settle his own claims while preserving his right to appeal the denial of class certification, it is incumbent upon him to include language to that effect in the settlement.  *See Narouz v. Charter Comm'ns, LLC*, 591 F.3d 1261, 1264 (9th Cir. 2010) ("In order to retain such a 'personal stake,' a class representative *cannot release any and all interests* he or she may have had in class representation through a private settlement agreement." (emphasis added)).  Here, Sultan agreed to this broad language.  As a result, any individual and class claims Sultan alleged in the action merged into the Rule 68 Judgment and have been exhausted.  The language of that judgment controls on the jurisdictional question.  *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1021 (9th Cir. 2012).

Sultan retains no "personal stake" in the class claims he is attempting to appeal, and no other named plaintiff is present to argue the class certification question, rendering this case moot.

**DISMISSED.**